UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD VEALE AND DIANE VEALE, | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-06-2820 |
| | § | |
| ALLSTATE TEXAS LLOYD'S., | § | |
| *Defendant*. | § | |

**MEMORANDUM AND ORDER**

Before the court is the plaintiffs Richard and Diane Veale's motion to remand (Dkt. 9). This is an insurance coverage dispute removed from state court by defendant Allstate Texas Lloyd's on September 1, 2006.[1] Removal was predicated upon the diverse citizenship of the parties. The plaintiffs are citizens of Texas. Defendant Allstate Texas Lloyd's (Allstate), despite its moniker, is not; it is a collection of unincorporated underwriters who are mostly citizens of Illinois and one a citizen of Virginia.[2]

The plaintiffs make two arguments for remanding this action to the 157th District Court of Harris County: (1) the amount in controversy does not exceed $75,000.00; and (2) Allstate failed to attach the plaintiffs' live pleading, *i.e.*, their Third Amended Petition, to the notice of removal as required by 28 U.S.C. § 1446.

The amount in controversy in a case based on diversity jurisdiction must exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). In their Third Amended Petition, the plaintiffs contend that Allstate's breaches and violations of section 541.060 of the Texas Insurance

---

[1]     *See* Dkt. 1.

[2]     *See* Dkt. 8, p. 2.

Code "were a producing cause of damages to the Veales in an amount of no less than $41,000.00."[3] The plaintiffs also seek to recover "exemplary damages."[4] In their prayer for relief, the plaintiffs request "exemplary damages as provided by law or damages up to three time[s] the actual damages, as found by the trier of fact."[5] Thus, from the face of the plaintiffs' live pleading, it is apparent that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

The plaintiffs' second ground for remand is that Allstate's notice of removal is defective because Allstate did not attach a copy of the plaintiffs' live pleading. Under 28 U.S.C. § 1446(a), a defendant or defendants wishing to remove a civil action from a state court must file a notice of removal "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Allstate has subsequently amended its notice of removal to include the plaintiffs' Third Amended Petition. In *Covington v. Indemnity Insurance Co.*, 251 F.2d 930, 933 (5th Cir. 1958), the Fifth Circuit held the defendant's failure to attach certain state court pleadings to its notice of removal was "completely without effect upon the removal" and that the missing documents could be later supplied. A defendant's failure to file a copy of the plaintiff's petition with its notice of removal is a procedural defect that may be cured by supplementing the required documents. *See, e.g., Smith v. Estate of Wagner*, 2006 WL 2729282, at *4 (S.D. Tex. 2006). Allstate has done so and making this defect moot.

---

[3]     Dkt 9, Ex. B, ¶ 16.

[4]     Dkt 9, Ex. B, ¶ 17.

[5]     Dkt 9, Ex. B, p. 5.

Accordingly, the motion to remand is DENIED.

Signed at Houston, Texas on November 13, 2006.

_____
Gray H. Miller
United States District Judge